IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GIMME GOLF TOOL LLC,<br><br>                Plaintiff,<br><br>          v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                Defendants. | Civil Action No.: 25-cv-12231<br><br>Honorable Judge Edmond E. Chang<br><br>Magistrate Judge Beth W. Jantz |

**PLAINTIFF'S MOTION TO SEAL DOCUMENT**

This is an action for copyright infringement in which Gimme Golf Tool LLC ("Plaintiff") accuses the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A to the Complaint ("Defendants") of infringing Plaintiff's federally registered copyrights VA 2-450-964 and VA 2-450-965 (the "Plaintiff's Copyrights").

Defendants operate fully interactive e-commerce stores on online marketplace platforms for the sole purpose of selling and offering for sale derivative and/or infringing goods, including goods infringing Plaintiff's Copyrights ("Infringing Products"). Defendants are foreign, fictious aliases, who sell and offer to sell Infringing Products throughout the United States, including in the State of Illinois and this Judicial District.

Plaintiff submits this application to this Court to seal a certain document in this above-captioned action: Schedule A to Plaintiff's Complaint (Dkt. No. 2).

While Plaintiff intends to file an Amended Complaint publicly, good cause exists to seal this document.

1

As a preliminary matter, Defendants are operating as fictitious seller aliases on online marketplace platforms. No true, reliable address is provided for the seller aliases, and the listed information conflicts with other public records from Google searches. Based on over a decade of Schedule A case law, seller aliases – like Defendants – regularly engage in WeChat groups or infringing and counterfeiting blogs, like https://sellerdefense.cn, to monitor infringement enforcement efforts by U.S. intellectual property holders. These groups and blogs regularly post intellectual property enforcement efforts in an attempt to warn seller aliases to remove their listing and/or drain their financial accounts. In fact, as seen on the website above, such groups and blogs only need a plaintiff's name – pulling any intellectual property linked to the name and warning seller aliases of an impending lawsuit.

As a result of these publications and monitoring by seller aliases, sealing this document will prevent Defendants from simply closing their seller pages, store accounts, and/or draining their financial accounts in anticipation of litigation.

To continue, Schedule A to Plaintiff's Complaint details Defendants by their seller aliases and provides other specific evidence of their corresponding identities at issue. Even if an Amended Complaint is filed, if this particular document is not sealed, the Defendants listed on Schedule A (Dkt. No. 2) will be warned, and likely remove listings, change data, close accounts and open new ones under different aliases, and/or drain their financial accounts – preventing Plaintiff from taking any future action against such fictious, foreign aliases infringing a U.S. company's U.S. copyrights, in the U.S., and taking funds from U.S. consumers back to foreign jurisdictions.

A variety of Courts in this District, and others, have found the relief sought herein appropriate in similar cases, recognizing: the seller aliases at issue are under Defendants' complete control; Defendants' use of seller aliases allow Defendants to operate with a high degree of

anonymity, evidencing their knowledge of wrongdoing and willfulness; Defendants have the ability to change or modify the infringing listing pages' content and data, including information like the Date First Available, images, titles, descriptions, and/or create new ASINs or webpages; Defendants attempt to and regularly do modify, delete, or change content and data upon notice of legal action; Defendants have the ability to and regularly do transfer assets out of their seller alias accounts to foreign jurisdictions – out of reach of Plaintiff and this Court – to avoid making any assets available for recovery.

Given the nature of the online platform, which allows the overseas Defendants to operate anonymously and quickly, Plaintiff believes sealing this document is necessary to prevent Defendants from simply closing their current accounts and opening new accounts under different names or even on different platforms, thereby frustrating the entire purpose of the law, Plaintiff's ability and attempts to protect its rights, and the powers of this Court.

Accordingly, Plaintiff respectfully requests that Schedule A to Plaintiff's Complaint (Dkt. No. 2) remain sealed.

DATED October 9, 2025                                  Respectfully submitted,

/s/ Ge (Linda) Lei
Ge (Linda) Lei
Getech Law LLC
203 N. LaSalle St., Suite 2100,
Chicago, IL 60601
Attorney No. 6313341
E: Linda.lei@getechlaw.com
P: 312-888-6633

*ATTORNEY FOR PLAINTIFF*